IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**WILSON WHITE, #48913**                                                                                       **PLAINTIFF**

**VERSUS**                                              **CIVIL ACTION NO. 2:05cv2178KS-JMR**

**STATE OF MISSISSIPPI;**
**CHRISTOPHER B. EPPS, Commissioner of MDOC;**
**RONALD KING, Superintendent of SMCI;**
**DEBORAH GRAY, Lieutenant at SMCI;**
**and LOYD BEASLEY, Captain at SMCI**                                              **DEFENDANTS**

MEMORANDUM OPINION

Plaintiff White, an inmate of the Mississippi Department of Corrections (MDOC), incarcerated at the South Mississippi Correctional Institute (SMCI), Leakesville, Mississippi, filed this complaint pursuant to 42 U.S.C. § 1983. The named defendants are: the State of Mississippi; Christopher B. Epps, Commissioner of MDOC; Ronald King, Superintendent of SMCI; Deborah Gray, Lieutenant at SMCI; and Loyd Beasley, Captain at SMCI.

The plaintiff is currently serving a life sentence for the crime of rape entered by the Alcorn County Circuit Court in 1984. The plaintiff complains about three Rule Violation Reports (RVR) that he received from SMCI officers. Specifically, the plaintiff received an RVR on January 24, 2005, for "using obscene or abusive language." The plaintiff was found guilty of this RVR by defendant Gray on January 27, 2005, and the punishment imposed was re-classification and the loss of telephone, canteen and visitation privileges for 30 days. On January 26, 2005, the plaintiff received an RVR for "failure to follow safety or sanitation regulations including smoking where prohibited." On January 31, 2005, defendant Gray found the plaintiff guilty of this RVR and the punishment imposed was loss of visitation privileges for 30 days. The plaintiff

received his third RVR on August 15, 2005, for "refusing the order of any staff member." On August 17, 2005, the plaintiff was found guilty of this RVR by defendant Beasley and the punishment imposed was loss of telephone, canteen and visitation privileges for 30 days.

The plaintiff complains that his due process rights were violated because he did not receive written notice at least twenty-four hours before the disciplinary hearings for each RVR. Plaintiff maintains that he first was made aware of each RVR by his case manager when he was re-classified to "D" custody status on October 4, 2005.[1] The plaintiff complains that as a "D" custody level inmate he is housed in segregation and required to remain in his cell for 23 hours a day. The plaintiff claims that although he only lost privileges as punishment for each RVR, the findings of guilt resulted in a reduction in his custody level under the MDOC point system of classification and these findings will have an adverse effect at a parole hearing.

The plaintiff requests that this Court order the defendants to expunge each RVR from his record, change the policy and procedures of MDOC associated with disciplinary actions, and enter an injunction prohibiting the defendants from disciplining any inmates until the policy and procedures are changed.

Analysis

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings in forma pauperis and provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii)

---

[1] MDOC has a custodial classification system based on 4 main designations, with "A" custody affording the most privileges to an inmate and "D" custody providing the least amount of privileges to an inmate. Mississippi Department of Corrections Inmate Handbook (Rev.1999), Chapter I, pg. 4-5.

fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  Since the plaintiff was granted in forma pauperis status, Section 1915(e)(2) applies to the instant case.  As discussed below, the plaintiff's § 1983 action fails to state a claim on which relief may be granted.

It is clear that the plaintiff does not have a constitutional right to receive a certain custodial classification while incarcerated.  Meacham v. Fano, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976);  Neals v. Norwood, 59 F.3d 530, 533 (5th Cir.1995)(a prison inmate does not have a protectable liberty interest in his custodial classification).  The classification of prisoners in certain custody levels is well within the broad discretion of prison officials and should be "free from judicial intervention."  McCord v. Maggio, 910 F.2d 1248, 1250-51 (5th Cir.1990)(citing Bell v. Wolfish, 441 U.S. 520, 547, 99 S.Ct. 1861, 1878, 60 L.Ed.2d 447 (1979)(discussing the classification of prisoners by the Louisiana Department of Corrections, the Court found that "[p]rison officials should be accorded the widest possible deference in the application of policies and practices designed to maintain security and preserve internal order").  Furthermore, the law is clear, "that a prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met."  Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir.1996)(citing Giovanni v. Lynn, 48 F.3d 908, 912 (5th Cir.1995); Murphy v. Collins, 26 F.3d 541, 543 (5th Cir. 1994); Hernandez v. Estelle, 788 F.2d 1154, 1158 (5th Cir.1986)).

To invoke the protections of the Due Process Clause, the plaintiff must have a protected liberty interest at stake.  A constitutionally protected liberty interest is "limited to freedom from restraint which . . . imposes atypical and significant hardships on the inmate in relation to the

ordinary incidents of prison life." <u>Sandin v. Conner</u>, 515 U.S. 472, 484, 115 S. Ct. 2293,  32 L.Ed. 2d 418 (1995).  The classification of the plaintiff in a certain level of custody is not an "atypical and significant hardship" of prison life.  The United States Court of Appeals for the Fifth Circuit  applying <u>Sandin</u>  has held that "administrative segregation, without more, simply does not constitute a deprivation of a constitutionally cognizable liberty interest." <u>Pichardo v. Kinker</u>, 73 F.3d 612, 613 (5th Cir. 1996)(quoting <u>Luken v. Scott</u>, 71 F.3d 192, 193 (5th Cir.1995)).  The protections afforded by the Due Process Clause do not extend to "every change in the conditions of confinement" which are adverse to a prisoner.  <u>Madison v. Parker</u>, 104 F.3d 765, 767-68 (5th Cir. 1997) (inmate's 30 day commissary and cell restrictions as punishment do not present the type of atypical, significant deprivation in which a state might create a liberty interest); <u>see</u> <u>also</u> <u>Bulger v. United States</u>, 65 F.3d 48, 50 (5th Cir.1995)(holding that the loss of a prison job did not implicate the prisoner's liberty interest even though the prisoner lost the ability to automatically accrue good-time credits);  <u>see</u> <u>also</u> <u>Davis v. Carlson</u>, 837 F.2d 1318, 1319 (5th Cir. 1988)(prisoners do not have a constitutional right to contact visits or conjugal visits).  As such, the Court finds that plaintiff has failed to state a viable due process claim regarding the loss of his prison privileges and his custodial classification.

Furthermore, the mere possibility of parole does not create a liberty interest under the Constitution.  <u>Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex</u>, 442 U.S. 1 (1979).  The Court of Appeals for the Fifth Circuit has held that the Mississippi parole statute, Miss. Code Ann. § 47-7-3 (1972), does not create a constitutionally protected liberty interest in an offender's receiving parole.  <u>Scales v. Mississippi State Parole Board</u>, 831 F.2d 565, 566 (1987); <u>Irving v. Thigpen</u>, 732 F.2d. 1215 (5th Cir. 1984).  Therefore, plaintiff has not suffered a

constitutional deprivation by being found guilty of rule violation reports that may possibly attribute to a denial of parole.

## CONCLUSION

In sum, the plaintiff does not have a constitutional right to a certain custodial classification level while in prison nor does the plaintiff have a constitutional right to certain privileges while in prison. Therefore, since the plaintiff has failed to state a claim upon which relief may be granted, this complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with prejudice.

Since this case is dismissed pursuant to the above-mentioned provision of the Prison Litigation Reform Act, it will be counted as a "strike."[2] If the plaintiff receives "three strikes" he will be denied in forma pauperis status and required to pay the full filing fee to file a civil action or appeal.

A final judgment will be entered in accordance with this memorandum opinion.

SO ORDERED this the 13th day of July, 2006.

s/ <em>Keith Starrett</em><br>UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(g) states "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."